# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| HARDWOOD LUMBER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 3:18-05088-CV-RK |
| BREWCO INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Brewco Incorporated ("Brewco")'s Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion to Transfer Venue ("Motion to Dismiss"). (Doc. 8.) The Motion to Dismiss is fully briefed. (Docs. 9, 15, 18.) After careful consideration, the Motion to Dismiss is **DENIED**.

### Background of Lawsuits

Plaintiff Hardwood Lumber, Inc. ("Hardwood") brings this lawsuit against Brewco claiming the sawmill system Hardwood purchased from Brewco does not function with the efficiency or capacity that Brewco represented it would. Hardwood's Petition brings the following causes of action against Brewco: breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, negligent misrepresentation, and intentional misrepresentation.

Hardwood filed this lawsuit on July 27, 2018, in the Circuit Court of Barry County, Missouri, and served Brewco with the summons and petition on September 10, 2018. After this lawsuit was filed, but before Brewco was served, Brewco filed a lawsuit against Hardwood on August 16, 2018, in the Circuit Court of Muhlenberg County, Kentucky, for breach of contract and unjust enrichment stemming from the same sale of the sawmill system.

On September 11, 2018, Hardwood removed the Kentucky action to the Western District of Kentucky based on diversity of citizenship. On October 10, 2018, Brewco removed this lawsuit to this Court based on diversity of citizenship.

### Background of Sale of Sawmill System

Brewco manufactures and sells industrial saws. In the fall of 2016, Brewco and Hardwood began negotiating the purchase of a sawmill system capable of milling scragg logs to produce cut

stock lumber. On May 2, 2017, the sale of the sawmill system was finalized when Brewco provided Hardwood with a final quote and invoice memorialized in Invoice #1089. (Doc. 9, Ex. D.) Hardwood signed the invoice and provided Brewco with a deposit check. The purchase price contained in the invoice provided not only for the sawmill equipment, but also for installation and training by Brewco. After the purchase, difficulties arose regarding the equipment and operation of the sawmill system that led to the allegations in this lawsuit.

## Background of Forum Selection Argument

Brewco contends all claims involving the sale's contract of the sawmill system are to be resolved in the Circuit Court of Muhlenberg County, Kentucky, pursuant to a forum selection provision in a warranty agreement. Specifically, Brewco claims that during the negotiations on the contract with Hardwood, one of the documents exchanged was the Standard Purchase Agreement and Warranty for Brewco Equipment ("the Warranty"). Brewco submitted a sample of the Warranty but concedes it is unable to locate a copy signed by Hardwood. The Warranty contains the following forum selection provision:

> You and Brewco agree that this contract is a contract for the sale of goods and disputes hereunder shall be governed by the Uniform Commercial Code and other laws of the Commonwealth of Kentucky and case law hereunder, and all claims for damages and/or breach of this contract shall be filed in the Circuit Court of Muhlenberg County, Kentucky.

Brewco contends, despite not having a signed copy of the Warranty, that Invoice #1089 references the Warranty, and therefore, the Warranty is incorporated by reference. Brewco bolsters this argument by referencing the following invoices for the sale of additional equipment: Invoice #111, 1155, and 1159. (Doc. 9, Ex. F, G, H.) Each of these four invoices reference the Warranty with the following language:

> The following quote/invoice will be held open for 7 days. A 35% non-refundable deposit is required along with a signed purchase order and warranty agreement at the time the order is placed.

(Doc. 9, Ex. D, F, G, H.) Accordingly, the dispositive issue before the Court in the Motion to Dismiss is whether the Warranty and corresponding forum selection clause were incorporated by reference into the contract for the sale of the sawmill.

Brewco argues the Warranty is referenced in the invoices and was discussed prior to the execution of the contract; therefore, it is incorporated into the contract. Brewco also argues that Hardwood accepted the Warranty by relying on its terms because Hardwood "exercised its rights

2

under the Warranty on numerous occasions at a substantial cost to Brewco, including but not limited to the replacement of three hydraulic motors at no cost to Defendant." (Doc. 9.) Further, Brewco argues that the original purchase invoice, Invoice # 1089, was signed by Hardwood; therefore, the Warranty was incorporated into the contract. Finally, Brewco argues that regardless of the forum selection provision, this lawsuit should be transferred to Kentucky under the anticipatory filing exception to the first-to-file-rule. Brewco contends that Hardwood has, in essence, manipulated the first-to-file-rule by filing this Missouri lawsuit in anticipation of Brewco filing their lawsuit against Hardwood in the Circuit Court of Muhlenberg County, Kentucky. Therefore, Brewco contends the first-to-file doctrine is not applicable in this instance under the anticipatory filing exception, and transfer to the Western District of Kentucky is appropriate.

Hardwood argues that Brewco did not provide a warranty agreement to Hardwood before the sawmill sale became final on May 2, 2017. Hardwood argues that Brewco simply represented to Hardwood over email that Hardwood "would have a 1 [year] warranty on the machinery and 90 days on the electrical components;" therefore, Hardwood relied on the emails between the parties in requesting additional parts and not the Warranty. Hardwood also contends that it asked for a copy of the Warranty, but Hardwood was not provided a copy until the filing of this suit. As a result, Hardwood contends that the forum selection clause is not incorporated into the contract, and the first-to-file rule mandates this action remain in this Court.

**Legal Standard**

Whether a forum selection clause is properly addressed under Fed. R. Civ. P. 12(b)(6) or 12(b)(3) is an open question. *Thomas v. Auto. Techs., Inc.*, 2012 U.S. Dist. LEXIS 122666, at *3-4 (E.D. Mo. Aug. 29, 2012). *See Rainforest Cafe, Inc. v. EklecCo, L.L.C.*, 340 F.3d 544, 546 n. 5 (8th Cir. 2003) (the court did not address the issue because the motion to dismiss was brought pursuant to both Rule 12(b)(3) and 12(b)(6)). "The procedural vehicle under which motions to dismiss based on forum selection clauses are brought affects this Court's ability to consider matters outside the pleading. Unlike a motion brought under Rule 12(b)(6), when a motion is brought under Rule 12(b)(3), the Court is not required to accept the pleadings as true and may consider facts outside of the pleadings." *Id.* at 3. Here, Brewco brings the Motion to Dismiss pursuant to Rule 12(b)(6), and Hardwood does not make any objection to the Motion to Dismiss brought

pursuant to Rule 12(b)(6). Accordingly, the Court's analysis is limited to the pleadings pursuant to Rule 12(b)(6).[1]

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Arkansas Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Wilson*, 850 F.3d at 371 (citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Osahar v. U.S. Postal Service*, 263 Fed. Appx. 753, 864 (8th Cir. 2008).

## Discussion

The issue before this Court is whether the Warranty and corresponding forum selection clause were incorporated into the contract for the sale of the sawmill. If the forum selection clause was incorporated into the contract, the Court must transfer venue to the Circuit Court of Muhlenberg County, Kentucky. If the forum selection clause was not incorporated into the contract, the Court must then determine whether the suit should remain in this Court in accordance with the first-to-file rule or be transferred to the Western District of Kentucky in accordance with the anticipatory filing exception to the first-to-file rule.

**A. Forum Selection Clause**

A forum selection clause is enforceable if it was "obtained through freely negotiated agreements absent fraud and overreaching and its enforcement must not be unjust." *Whelan Sec. Co. v. Allen*, 2000 Mo. App. LEXIS 1719, at *8 (Mo. App. 2000).[2] "Forum selection clauses are presumptively valid unless unjust, unreasonable, or invalid." *Ameristar Casino Kan. City, Inc. v. Tai Ping Carpets Ams.*, 2013 U.S. Dist. LEXIS 175500, at *2 (W.D. Mo. Dec. 12, 2013).

---

[1] Even if the Court were to consider evidence outside of the pleadings pursuant to Rule 12(b)(3), the outcome of the Motion to Dismiss would not change.

[2] The parties do not dispute that Missouri law applies in this action.

To incorporate terms into a contract by reference under Missouri law, "the intent to incorporate must be clear, and the contract must make [] clear reference to the document and describe [] it in such terms that its identity may be ascertained beyond a doubt." *Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Products, Inc.*, 887 F.3d 413, 415 (8th Cir. 2018) (internal quotation marks and internal citation omitted). "[M]atters incorporated into a contract by reference are as much a part of the contract as if they had been set out in the contract in haec verba." *Id.* at 415-416 (internal citations and quotations omitted). "Under Missouri law, a person who has an opportunity to read a document, but signs it without doing so is held to have knowledge of the document's contents, absent a showing of fraud." *Midwest Pringing, Inc. v. AM Int'l Inc.*, 108 F. 3d 168, 170 (8th Cir. 1997) (internal quotation marks and citation omitted). Further, "[t]here is no requirement that an incorporated document be attached to the contract or provided to the parties prior to the execution of the contract." *State ex rel. Pinkerton v. Fahnestock*, 531 S.W. 3d 36, 15 (Mo. banc 2017).

For the Warranty to be incorporated into the contract, the invoice must (1) manifest the intent to incorporate the Warranty and (2) sufficiently identify the Warranty and its terms and conditions. While the language in the invoices indicates Brewco's intent to incorporate a warranty, this quoted language does not sufficiently identify the terms and conditions of the Warranty, including the forum selection clause. To sufficiently identify the terms and conditions of the Warranty, the Warranty must be referenced in such a way that Hardwood could identify its terms and conditions beyond doubt. *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 811 (Mo. banc 2015). Here, the language at the top of the invoices does not describe the terms of the Warranty or indicate that a forum selection clause is included in the Warranty. Further, even if the Court looked beyond the Rule 12(b)(6) pleading standard, there is no evidence that a warranty was exchanged between the parties. While Brewco claims that Hardwood knew the existence and contents of the Warranty because Hardwood sought additional machinery parts and repair of the sawmill's parts, Brewco concedes that these repairs were requested and confirmed in emails between the parties, not as a result of Hardwood's review of the Warranty. Further, the Court finds that none of the attached communications and invoices discuss the existence of a forum selection clause in the Warranty. In *Hewitt*, the Missouri Supreme Court held the specific terms of an arbitration agreement were unenforceable because they were not incorporated into the employment contract. 461 S.W.3d at 811.

5

> [T]he contract only refers to 'Rules and Regulations of the National Football League . . . [t]his reference does not identify the guidelines in such a way that Hewitt could ascertain them beyond doubt . . . these terms also lack certainty; Mr. Hewitt had no way to identify these terms and had no way to know that the NFL intended the guidelines to govern arbitration proceedings . . . [thus] Mr. Hewitt could not assent to them."

*Id.* The *Hewitt* Court also found "[t]he [defendant] had the burden to incorporate the terms in such a way that Mr. Hewitt could manifest his consent . . . [the defendant] failed to do so, [therefore] Mr. Hewitt did not assent to the essential terms of arbitration found in the guidelines. *Id.* Like *Hewitt*, because Brewco failed to incorporate the terms of the Warranty in such a way that Hardwood could manifest its consent, Hardwood did not assent to the terms of the Warranty including the forum selection clause. Accordingly, the Court finds that, although the invoices manifested the intent to incorporate the Warranty into the contract, the Warranty's terms and conditions were not sufficiently identified. Therefore, the forum selection clause was not incorporated into the contract.[3]

### B. First-to-File Rule

"Under the first-to-file rule, where two courts have concurrent jurisdiction over an action when a complaint involves the same parties and issues, the first court in which jurisdiction attaches has priority to consider the case." *Card Activation Techs., Inc. v. Fashion Bug Retail Cos.*, 2011 U.S. Dist. LEXIS 160565, at *11 (W.D. Mo. Feb. 1, 2011). "The purpose of this rule is to promote efficient use of judicial resources." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). "The rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration." *Id.* "If a court determines that the first-filed rule applies to a pair of cases, there is a presumption that the later-filed action should be dismissed, transferred, or stayed." *Monzo v. Bazos*, 313 F. Supp. 3d 626, 630 (E.D. Pa. Oct. 26, 2017) (internal quotation marks and citation omitted). It is the date of the filing in state court, not the date of removal, that applies to the first-to-file rule.[4] *Id.* at 631. The first-to-file rule does not

---

[3] Brewco relies heavily on two cases in its briefing, *Nordyne, Inc. v. Int'l Controls & Measurements Corp.* and *Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Prods.* 262 F.3d 843 (8th Cir. 2001); 887 F.3d 413 (8th Cir. 2018). However, these cases are distinguishable because, unlike those cases, here the Warranty and corresponding forum selection clause were not provided to Hardwood or made accessible at any time until this action was filed.

[4] *See also Diversified Metal Prods., Inc. v. Odom Indus., Inc.*, 2012 U.S. Dist. LEXIS 97176, at *3 (D. Idaho July 12, 2012) (the date of the filing in state court, not the date of removal, is the date considered

apply when "the first action was an anticipatory filing, *i.e.*, the action . . . was filed after the other party gave notice of its intention to sue." Moore's Federal Practice, 3d. ed., Vol. 17, § 111.13[1][o].

Here, Hardwood filed this matter in Barry County, Missouri, on July 27, 2018, and Brewco filed suit in state court in Kentucky on August 16, 2018. Accordingly, Hardwood's suit was filed first. Brewco argues that Hardwood's lawsuit was an anticipatory filing; therefore, the first-to-file rule does not apply. In support, Brewco points to conversations between the parties on July 12, 2018, nine days before Hardwood filed the action in state court in Missouri. At this time, Brewco told Hardwood that it would not continue to provide maintenance, repair services, and replacement parts free of charges until Hardwood paid at least "1/2 of the approximately $200,000 that is owed to Brewco." (Doc. 9.) Brewco argues this evidence serves as a "red flag" indicative of an anticipatory filing.

The Court finds, and the parties do not dispute, that the two suits involve the same parties and issues. The Court also finds, despite Brewco's assertion, that the conversations between Hardwood and Brewco on July 12, 2018, do not indicate that Hardwood's suit in Barry County, Missouri, was an anticipatory filing. Therefore, the first-to-file rule applies, and this action will remain in this Court.

## Conclusion

After careful consideration, the Court finds that the forum selection clause was not incorporated into the contract. The language in the invoices did not sufficiently describe and identify the Warranty such that its terms, including the forum selection clause, could be ascertained by Hardwood beyond doubt. Next, because the Court finds the suit filed in Barry County, Missouri, was not an anticipatory filing, this action remains in this Court pursuant to the first-to-file rule. Accordingly, Brewco's Motion to Dismiss, or in the Alternative, Transfer Venue (Doc. 8) is **DENIED.**

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 17, 2019

---

with the first-to-file rule); *Country Home Prods. v. Schiller-Pfeiffer, Inc.*, 350 F. Supp. 2d 561, 570 (D. Vt. Nov. 19, 2004) (same); *Igloo Prod. Corp. v. The Mounties, Inc.*, 735 F. Supp. 214, 217 (S.D. Tex. Apr. 18, 1990) (same).