# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

HARDWOOD LUMBER, INC., )
)
        Plaintiff, )
v. )
) No. 3:18-05088-CV-RK
BREWCO INCORPORATED, )
)
        Defendant. )

## ORDER

Before the Court is a motion filed by Plaintiff/Counterclaim Defendant Hardwood Lumber, Inc. ("Hardwood") seeking various relief. In particular, Hardwood seeks either judgment on the pleadings or dismissal of Count II of Defendant/Counterclaim Plaintiff Brewco Incorporated ("Brewco")'s counterclaims. Hardwood also seeks to strike, or in the alternative, an order to make more definite certain affirmative defenses pleaded by Brewco. The motion is fully briefed. (Docs. 29, 35, 37.) After careful consideration, the motion is **DENIED**.

## Background

This lawsuit stems from the sale of a saw mill system from Brewco to Hardwood. Hardwood's Petition raises the following causes of action against Brewco: breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, negligent misrepresentation, and intentional misrepresentation. In response to Hardwood's Petition, Brewco brings several counterclaims against Hardwood. Relevant for purposes of this motion, Brewco raises a claim for unjust enrichment in Count II of its counterclaims.

## Discussion

### I. Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law, the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)[.]" *Ashley County v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (internal quotations and citation omitted).

Hardwood argues that it is entitled to judgment on the pleadings on Brewco's Count II for unjust enrichment because Brewco has admitted and pleaded to an express contract between the parties. Under Missouri law,[1] "[i]f the plaintiff has entered into an express contract for the very subject matter for which he seeks recovery, unjust enrichment does not apply, for the plaintiff's rights are limited to the express terms of the contract." *NTD I, LLC v. Alliant Asset Mgmt. Co., LLC*, 362 F. Supp. 3d 664, 681-82 (E.D. Mo. 2019) (quoting *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010)) (other citation omitted). However, a party may plead claims in the alternative as well as inconsistent claims. *See* Fed. R. Civ. P. 8(d)(2)-(3) ("[a] party may set out 2 or more statements of a claim . . . alternatively" and "[a] party may state as many separate claims . . . , regardless of consistency."). "The fact that [Brewco] cannot simultaneously recover damages for both breach of contract and unjust enrichment does not preclude it from pleading both theories in its Petition." *S&K Leimkuehler, Inc. v. Barcel USA, LLC*, 2018 U.S. Dist. LEXIS 194625 *12 Case No. 4:18-cv-00686-NKL (Nov. 15, 2018). Hardwood does not cite to any governing authority that supports its entitlement to judgment on the pleadings at this juncture. Therefore, Hardwood's motion for judgment on the pleadings as to Brewco's Count II will be denied.

**II.     Motion to Dismiss for Failure to State a Claim**

For a pleading to state a claim for relief, it must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013) (citing FED. R. CIV. P. 8(a)(2)). The complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In the alternative to Hardwood's motion for judgment on the pleadings, Hardwood argues that Brewco's Count II for Unjust Enrichment fails to state a claim upon which relief can be granted. "A claim for unjust enrichment has three elements: [(1)] a benefit conferred by a plaintiff on a defendant; [(2)] the defendant's appreciation of the fact of the benefit; and [(3)] the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 854 (8th Cir. 2014) (quoting *Hertz Corp. v. RAKS Hospitality, Inc.*, 196 S.W.3d 536, 543 (Mo. Ct. App. 2006)).

---

[1] The parties do not dispute that Missouri law applies to the state law claims.

Hardwood maintains that Brewco's claim fails as to each element. Regarding the first two elements, Hardwood argues that where the parties bargained for the sale of Brewco's scrag mill system, installation, and training, Brewco cannot assert that Hardwood retained a benefit without paying reasonable value or that Hardwood was enriched at the expense of Brewco. *See Howard*, 316 S.W.3d at 438 (no recover for unjust enrichment where any benefit was conferred "voluntarily, deliberately, and without complaint" as bargained for) ("A venture voluntarily entered into, with known risks and with the expectation of a profit, cannot be compensated for via a claim for unjust enrichment."). Regarding the third element of an unjust enrichment claim, Hardwood argues that Brewco makes no assertion that the scrag mill system was sold to Hardwood under a mistaken duty, through dutiful intervention, or constraint. *See Alliant Asset Mgmt. Co.*, 362 F. Supp. 3d at 682 ("Unjust retention of benefits only occurs when the benefits were 'conferred (a) in misreliance on a right or duty; or (b) through dutiful intervention in another's affairs; or (c) under constraint.'") (quoting *Howard*, 316 S.W.3d at 436). The Court agrees with Brewco that these arguments go to the merits of the claim and do not challenge the sufficiency of Brewco's allegations.

Finally, Hardwood also argues that Brewco's Count II fails because an express contract exists. This argument is rejected for the same reasons as expressed above in Section I. Therefore, Hardwood's motion to dismiss Brewco's Count II for failure to state a claim will be denied.

### III. Motion to Strike, or in the alternative, Motion to Make More Definite Statement Affirmative Defenses

Affirmative defenses must be pleaded. Fed. R. Civ. P. 8(c). Rule 8 further provides that defenses to each claim must be stated "in short and plain terms." Fed. R. Civ. P. 8(b)(1)(A). Hardwood maintains that the certain affirmative defenses pleaded by Brewco should be stricken because they do not provide sufficient notice of a specific affirmative defense. In the alternative to striking the affirmative defenses, Hardwood requests the Court enter an order directing Brewco to make the affirmative defenses more definite.

The challenged affirmative defenses are as follows:

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Petition fails in whole or part to state a claim against Defendant upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by reason of Plaintiff's own conduct.

*THIRD AFFIRMATIVE DEFENSE*

Defendant relies upon and asserts all the affirmative defenses set forth in Fed. R. Civ. P. 8(c)(1), including but not limited to waiver, assumption of risk, estoppel, laches, unclean hands, and accord and satisfaction.

*SEVENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred pursuant to the UCC, MO Rev Stat § 400.1-101 *et seq.*

(Doc. 24 at 5-6.) Hardwood relies on *Garcia v. Salvation Army*, 918 F.3d 997 (9th Cir. 2019) for the proposition that an affirmative defense must be pleaded with enough specificity to give the plaintiff fair notice of the defense. However, the Eighth Circuit has held that an affirmative defense "need not be articulated with any rigorous degree of specificity, and is sufficiently raised for purposes of Rule 8 by its *bare assertion*." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997) (internal quotation marks omitted) (emphasis in original). Since bare assertions are all that governing authority requires, Hardwood's motion to strike, or in the alternative, to make more definite statement will be denied.

**Conclusion**

For the reasons above, Hardwood Lumber's motion is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 29, 2019