# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| HARDWOOD LUMBER, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:18-05088-CV-RK |
| BREWCO INCORPORATED, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Hardwood Lumber, Inc. ("Hardwood")'s motion to exclude the opinion testimony of Brewco, Inc. ("Brewco")'s retained expert Henry Bowman. (Doc. 92.) The motion is fully briefed. (Docs. 92, 98, 100.) After careful consideration, and for the reasons set forth below, the motion is **DENIED**.

## Background

This case arises from the sale of a scragg sawmill system from Brewco to Hardwood. After the sawmill system was purchased and constructed, it failed to produce the pallet lumber yield desired by Hardwood. Hardwood and Brewco disagreed about which party was responsible for the decreased yield. Hardwood filed this action against Brewco, alleging breach of warranty of merchantability, breach of warranty of fitness for a particular purpose, negligent misrepresentation, and intentional misrepresentation. Relevant to this motion, Hardwood and Brewco retained expert witnesses to provide opinions and testimony concerning the reasons for the decreased yield.

Brewco retained Mr. Bowman as an expert witness on January 17, 2020. Mr. Bowman prepared a report about the sawmill system and an expert rebuttal report in response to Hardwood's expert witness report. Hardwood deposed Mr. Bowman concerning the opinions expressed in his reports. Hardwood now moves to exclude the opinions and testimony expressed in Mr. Bowman's reports. Hardwood argues that Mr. Bowman lacks sufficient qualifications to be an expert witness and that his opinions and testimony lack reasonable basis in facts, data, and methodologies. The case is currently set to be tried by bench trial.

**Legal Standard**

Federal Rule of Evidence 702, amended after *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), provides the standard for the admission of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Based on Rule 702, the Eighth Circuit gives a three-part test to determine the admissibility of expert testimony:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Prod. Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (internal quotations and citations omitted). The rules for the admissibility of expert testimony favor admission over exclusion. *Id.* These rules are also relaxed during bench trials. *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012). If an expert makes observations and applies specialized knowledge to include and exclude theories of causation, then their conclusions are generally admissible as expert opinion. *Shuck v. CNH Am., LLC*, 498 F.3d 868, 875 (8th Cir. 2007) (holding that the opinions and testimony of fire causation experts were admissible when those experts observed a combine engine and applied their specialized knowledge to determine the cause of the fire).

**Discussion**

**I.  Mr. Bowman's Testimony is Sufficiently Relevant.**

Neither Hardwood nor Brewco argue about the relevance of Mr. Bowman's testimony. Relevant expert testimony must be "sufficiently related to the facts of the case such that it will aid the fact finder in resolving the factual dispute." *Lauzon*, 270 F.3d at 694. Hardwood and Brewco disagree about which party is responsible for the decreased yield of the sawmill system. Mr. Bowman, who has experience in the sawmill industry, opined that inadequate infrastructure and overworked personnel caused the decreased yield. If Mr. Bowman's conclusions are true, then

2

they support finding that Hardwood is responsible for the decreased yield. Thus, Mr. Bowman's testimony is sufficiently relevant because it will aid the fact finder in resolving the various claims.

## II.     Mr. Bowman is Sufficiently Qualified.

Hardwood argues that the Court should exclude Mr. Bowman's opinions and testimony because he is not qualified as an expert witness. An expert witness is qualified by knowledge, skill, experience, training, or education. Fed. R. Evid. 702; *Daubert*, 509 U.S. at 588. Regardless of Mr. Bowman's training and education, the Court is satisfied that he is qualified by knowledge, skill, and experience. Mr. Bowman has owned and operated C&L Wood Products, a wood products company which produces and assembles approximately 24,000,000 board feet of lumber annually, since 1996. (Doc. 98-1.) After reviewing fifteen other scragg sawmills, he purchased and constructed his own scragg sawmill in 2013. (*Id.*) Additionally, he visits new scragg sawmills, operates the sawmill machines, and participates in machine repairs. (*Id.*; Doc. 98-2, pp. 39-41.) Mr. Bowman therefore has enough knowledge, skill, and experience to testify as an expert in the scragg sawmill industry. Although Hardwood's arguments may be suitable for cross-examination at trial, they are not enough to prevent him from giving expert testimony altogether. *See Daubert*, 509 U.S. at 596. Thus, Mr. Bowman is sufficiently qualified to testify as an expert witness in this case.

## III.     Mr. Bowman's Testimony is Sufficiently Reliable.

Hardwood argues that the Court should exclude Mr. Bowman's opinions and testimony because they are based on insufficient facts, data, and methodologies. This argument fails because conclusions based on observations and specialized knowledge are generally admissible as expert opinion. *Shuck*, 498 F.3d at 875. Additionally, it is disingenuous for a party to challenge methods that their own expert relies upon. *Shuck*, 498 F.3d at 874.

Mr. Bowman's conclusions about the sawmill building infrastructure, wood waste disposal systems, sawdust removal features, and staffing problems are admissible because they are based on observations and specialized knowledge. First, Mr. Bowman observed the sawmill system and case materials. He reviewed the sawmill in-person for approximately eight hours, including the sawmill building infrastructure, wood waste disposal systems, sawdust removal systems, and other features. (Doc. 98-2, p. 85; Doc. 98-3, pp. 3-5.) He also cites testimony from employees, including a saw operator and mill manager. (Doc. 98-3, p. 8.) Second, Mr. Bowman applied specialized

3

knowledge from the sawmill industry.  He had this knowledge due to his long-term observation and ownership of similar sawmill systems.  Academic training is not necessarily more important than practical experience.  *United States v. Roach*, 644 F.3d 763, 764 (8th Cir. 2011).  As stated above, although Hardwood's arguments may be suitable for cross-examination during trial, they are not enough to prevent Mr. Bowman from giving expert testimony altogether.

Additionally, Hardwood's expert, Ryan Hutcheson, relied primarily on the same facts, data, and methodologies.  (Doc. 50-1.)  Like Mr. Bowman, Hardwood's expert observed the sawmill system and case materials, applied specialized knowledge of the sawmill industry, and formed conclusions about design and manufacturing flaws.  Thus, Mr. Bowman's testimony is sufficiently reliable because his facts, data, and methodologies are both endorsed by caselaw and adopted by Hardwood.

## Conclusion

After careful consideration, and for the reasons set forth above, the motion to exclude Mr. Bowman's opinions and testimony (Doc. 92) is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  July 6, 2020