IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| HARDWOOD LUMBER, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:18-05088-CV-RK |
| BREWCO INCORPORATED, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Brewco, Inc. ("Brewco")'s motion to exclude the testimony of Brenda Vampola ("Ms. Vampola") and for sanctions. (Doc. 83.) The motion is fully briefed. (Docs. 83-1, 87, 91.) After careful consideration, the motion is **DENIED**.

### Background

The present motion centers around whether Ms. Vampola, Hardwood Lumber, Inc. ("Hardwood")'s outside certified public accountant ("CPA"), is a retained or non-retained expert. In its initial Rule 26 disclosures, Hardwood identified Ms. Vampola as an expert who was expected to testify concerning Hardwood's tax returns, as well as the profit and losses of Hardwood before, during, and after the facts surrounding this case. On December 2, 2019, Hardwood designated Ms. Vampola as a non-retained expert and indicated Ms. Vampola "is expected to testify regarding Hardwood's financial history and the extent of its damages, including lost profits. Defendant has been served with Hardwood's tax returns and other relevant financial information on which Ms. Vampola may rely." (Doc. 50.)

### Legal Standard

Under Eighth Circuit law, "[d]ecisions concerning the admission of expert testimony lie within the broad discretion of the trial court." *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir.2003) (internal quotations and citation omitted). Federal Rule of Civil Procedure 26 distinguishes between a witness who is "retained or specially employed to provide expert testimony in the case" and one who is not retained. Fed. R. Civ. P. 26 (a)(2)(B). "A retained or specialty expert is 'an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony.'" *Compass Bank v. Eager Rd. Assocs., LLC*, No. 4:12CV1059JCH, 2013 WL 5786634, at *4 (E.D. Mo. Oct. 28, 2013) (quoting *Downey v. Bob's*

*Disc. Furniture Holdings*, 633 F.3d 1, 6 (1st Cir.2011)). "A non-retained expert is one whose testimony arises from his or her involvement in events giving rise to the litigation." *Compass Bank*, 2013 WL 5786634, at *4. While Rule 26(a)(2)(B) requires production of an expert report from a retained expert, "Rule 26(a)(2)(B) disclosures, however, are not required for non-retained experts." *Id.* A non-retained expert must disclose "the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705," and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii). If a party fails to satisfy the Rule 26(a) requirements, "the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## Discussion

Brewco argues Ms. Vampola is a retained expert because her testimony falls outside her ground level involvement with the events of this case. Based on this argument, Brewco maintains Hardwood failed to disclose Ms. Vampola as a retained expert and comply with the requiements of Rule 26. Brewco asks the Court to exclude the testimony of Ms. Vampola and sanction Hardwood for the costs Brewco incurred for the deposition of Ms. Vampola and the filing of the present motion.

The Court finds Ms. Vampola to be a non-retained expert. Ms. Vampola, as Hardwood's CPA, calculates Hardwood's profit and losses each year. She therefore has prior knowledge of Hardwood's finances and its profit and losses. Brewco contends this is different than a profit/loss calculation related to causation in this case. However, as an accountant for Hardwood, Ms. Vampola would be acquainted with financial information, including information pertaining to profit or loss, related to the purchase and production of a new sawmill. In fact, Ms. Vampola indicated that her lost profit calculations were based on Hardwood's historical numbers and basic business operations.

Further, the correct test is not whether the witness is giving an opinion they otherwise would not have been asked to give, but whether the expert's testimony is based on observations made independent of the litigation. *See Harner v. Kaiser*, No. 4:04CV01714 ERW (E.D. Mo. Dec. 14, 2005) (holding "when a treating physician's testimony is based on observations made during the course of treatment, the testimony was not acquired or developed in anticipation of litigation or for trial, but is instead based on personal knowledge.") (internal citations and

2

quotations added). Even though Ms. Vampola's particular opinions may have been outside of her normal services for Hardwood, her opinions are based on facts and data which were, or would have been, observed by Ms. Vampola in the course of her duties as Hardwood's CPA. Therefore, the Court finds that Ms. Vampola was properly designated as a non-retained expert.[1]

Brewco also argues Ms. Vampola bases her opinions on financial documents that Hardwood refuses to produce. These financial documents include those of both Hardwood and its sister company Pallet Lumber, LLC ("Pallet Lumber"). While Brewco did not follow the discovery dispute protocol[2] in seeking production of these documents, these documents are relied on by Ms. Vampola. Thus, the documents are relevant to her opinions and must be produced. They also fall within the realm of discoverable material. Therefore, Hardwood will be ordered to produce the documents, and if the documents are thereafter updated, to provide amended production to Brewco.

Further, the Court understands Brewco may desire to recommence the deposition of Ms. Vampola after the documents are produced. The Court will allow Brewco to recommence, with notice to Hardwood, Ms. Vampola's deposition within thirty days of production. The recommencing of Ms. Vampola's deposition shall be limited to the information contained in the documents Hardwood will be producing in compliance with this Order and Ms. Vampola's opinions about the information contained in those documents.

Finally, Brewco argues the Court should sanction Hardwood for the costs of the motion and Ms. Vampola's deposition. The Court finds such a sanction is not warranted. One, as noted above, Ms. Vampola is a non-retained expert and Brewco does not contend Hardwood failed to meet the requirements of Rule 26(a)(2)(C). Two, although Hardwood failed to produce relevant

---

[1] Even if the Court found Ms. Vampola to be a retained expert, it would not warrant the exclusion of her testimony. *See Anderson v. Bristol, Inc.*, 936 F. Supp. 2d 1039, 1061 (S.D. Iowa 2013) (noting "[T]he Eighth Circuit has instructed trial courts to consider, inter alia, the following four factors: '[(1)] the reason for noncompliance; [(2)] the surprise and prejudice to the opposing party; [(3)] the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and [(4)] the importance of the information or testimony.'") (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)). Here, Ms. Vampola's testimony would not be a surprise to Brewco, prejudice Brewco, disrupt the order or efficiency of the trial, and her testimony is important to Hardwood's damages.

[2] The Court is unsure why Brewco would wait until after the close of discovery to argue such documents were never produced. Brewco knew the documents were relied on by Ms. Vampola and that she was a designated non-retained expert.

documents, Brewco failed to follow the appropriate, and timely, procedure to challenge Hardwood's failure. As such, the Court will not sanction Hardwood for costs.

**Conclusion**

Accordingly, and after careful consideration, the Court orders as follows:

1. Brewco's motion to exclude the testimony of Ms. Vampola and for sanctions is **DENIED**.
2. Hardwood is to produce the documents responsive to Brewco's second request for production of documents, including the financial documents of Pallet Lumber. Hardwood shall produce the documents within thirty (30) days of this order.
3. Brewco, with notice to Hardwood, may recommence the deposition of Ms. Vampola within thirty (30) days of production by Hardwood. The Court encourages the parties to meet and confer as soon as practicable to schedule this deposition.
4. Each party is to bear its own costs.

**IT IS SO ORDERED.**

    s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 6, 2020